**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENDY RIYANTO HO; FNU LILY, | No. 18-70118 |
| Petitioners, | Agency Nos. A089-780-547 |
| v. | A089-780-548 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2020**

Before: HAWKINS, GRABER, and CLIFTON, Circuit Judges.

Hendy Riyanto Ho and FNU Lily ("Petitioners"), natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen removal proceedings. We have jurisdiction under 8

U.S.C. § 1252. We review for abuse of discretion, *Tadevosyan v. Holder*, 743 F.3d

1250, 1252 (9th Cir. 2014), and deny the petition for review.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

A motion to reopen can be filed after the filing deadline if the motion is based on changed country conditions and "such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). However, even if an alien shows changed country conditions, the BIA may deny a motion to reopen if the alien fails to demonstrate eligibility for the underlying relief sought. *See I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992). Petitioners originally applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners then filed an untimely motion to reopen based upon claimed changed country conditions in Indonesia. Even assuming *arguendo* that the BIA erred in concluding that Petitioners failed to demonstrate a material change in circumstances, the BIA did not err in concluding that Petitioners failed to make a prima facie showing of eligibility for asylum, withholding of removal, or protection under CAT.

To qualify for asylum, an alien must demonstrate that the source of the alleged persecution was the government, a quasi-official group, or persons or groups that the government is unwilling or unable to control. *See Avetova-Elisseva v. I.N.S.*, 213 F.3d 1192, 1196 (9th Cir. 2000). The BIA concluded that Petitioners failed to show "that the Indonesian government is unable or unwilling to protect

2

them from the potential threat, given its robust counterterrorism campaign." Petitioners did not challenge this determination in their opening brief to this court and have thus waived the issue. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011). Such an argument would fail in any event, as there is no evidence in the record to suggest the Indonesian government would be unwilling or unable to protect them. Petitioners similarly fail to demonstrate eligibility for withholding of removal. *See Pedro-Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("A failure to satisfy the . . . standard of proof required to establish eligibility for asylum . . . necessarily results in a failure to demonstrate eligibility for withholding of deportation.").

The BIA also did not abuse its discretion in concluding that Petitioners did not demonstrate eligibility for protection under CAT. To do so, an alien must show "that it is more likely than not that he will be tortured upon removal, and that the torture will be inflicted at the instigation of, or with the consent or acquiescence of, the government." *Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007). As the BIA concluded, there is no evidence to suggest the Indonesian government would fail to protect Petitioners, let alone engage in or acquiesce in torture.

**PETITION FOR REVIEW DENIED.**